# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-30616
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FLOYD HENDERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20134-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Floyd Henderson appeals the sentence imposed following his guilty plea to conspiracy to distribute crack cocaine. He was sentenced to 121 months of imprisonment and five years of supervised release. Henderson argues, pursuant to Kimbrough v. United States, that his within-guidelines sentence was unreasonable because the Sentencing Guidelines created an unjust disparity between crack and powder cocaine. See 128 S. Ct. 558, 575 (2007) (holding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is not an abuse of discretion for a district judge to make a downward departure from the Guidelines based on the crack/powder disparity). Because Henderson did not challenge the substantive reasonableness of his sentence in the district court on this basis, this issue is reviewed for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Under plain error review, Henderson must show that the district court would have given him a lighter sentence if he had been sentenced with the benefit of Kimbrough. Cf. id. at 521 (holding that under plain error review the burden is on the defendant to show that an alleged error necessarily influenced the outcome of the district court proceedings). The sentencing record does not support such a conclusion. Rather, the record indicates that Henderson's 121-month sentence was based on the 120-month statutory mandatory minimum sentence for his crime. See 21 U.S.C. § 841(b)(1)(A)(iii). The district court did not express any indication that it felt restrained by the yet-to-be-amended crack cocaine guideline, U.S.S.G. § 2D1.1(c), in sentencing Henderson. Cf. United States v. Burns, 526 F. 3d 852, 861-62 (5th Cir. 2008) (vacating a pre-Kimbrough sentence where the crack/powder disparity was raised at sentencing, but the judge felt he lacked the discretion to make a downward departure from the Guidelines based on that disparity). Consequently, Henderson has not shown that his substantial rights were affected by the pre-Kimbrough sentencing, and he therefore has not shown reversible plain error. See Mares, 402 F.3d at 521.

AFFIRMED.